IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Ruby Cruz**,
Parent and Guardian of minor M.C.,
Plaintiff,

v. Civil Action No. _____

**Allentown School District**, **Mr. Siket, Mrs. Larken, Rose McHugh, Office of Dispute Resolution, Brian Ford**
Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Ruby Cruz, as parent and guardian of M.C., by and through pro se representation, brings this action against the Allentown School District, Officer of Dispute Resolution and Parties listed above and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A), 29 U.S.C. § 794a, and 28 U.S.C. § 1331.

2. Venue is proper in this district because the actions giving rise to this complaint occurred in Allentown, Pennsylvania.

## PARTIES

3. Plaintiff Ruby Cruz is the parent of M.C., a minor child with disabilities who resides within the Allentown School District.

4. Defendant Allentown School District is a public school district subject to the requirements of IDEA, Section 504, and state contract law.

## FACTS

5. Plaintiff has actively advocated for appropriate educational services and supports for her child, who has an IEP under IDEA.

6. On May 10, 2024, the District presented Plaintiff with a waiver presented as a "required" "Settlement Agreement and Release" during a Hearing Officer Settlement Conference (HOSC).

7. Plaintiff did **not have legal representation** at the time, and the District did **not offer or suggest that she consult with an attorney**, nor provide her with time or opportunity to seek legal review of the document.

8. The Plaintiff was not advised of her right to:

    - Refuse to sign the agreement;
    - Consult with legal counsel;
    - Take the document home to review;
    - Or receive any procedural safeguards documentation such as a **Notice of Recommended Educational Placement (NOREP)** or a **Prior Written Notice (PWN)**.

9. District counsel falsely represented to the Hearing Officer that Plaintiff would confirm the agreement via email. **No such confirmation was ever sent**.
    - Plaintiff **did not receive nor sign a NOREP or PWN** associated with the agreement. Moreover, she **did not send any email confirming agreement**, consent, or waiver of rights.
    - Despite this, District Attorney **Rose McHugh falsely stated** in an email to Hearing Officer Cheryl Cutrona on May 10, 2024, that: **"Ms. Cruz will confirm by email as well."**
    - No such confirmation was ever made. **This misrepresentation** was used to close the Plaintiff's due process case and effectuate the withdrawal of her Independent Educational Evaluation (IEE) request without lawful consent.

10. Plaintiff signed the agreement under severe **emotional duress, misleading information**, after months of systemic intimidation, including false child abuse reports, removal from IEP meetings, and coercion related to her mental health.

## CLAIMS FOR RELIEF

**Count I – Violation of IDEA Procedural Safeguards**
Defendant's failure to issue required notices and coercive practices violated 20 U.S.C. § 1415.

- The District closed Plaintiff's hearing based on **misrepresentation by its counsel**, rather than a lawful, documented waiver by the parent, in violation of 34 C.F.R. §§ 300.503 and 300.9 (consent must be informed, written, and voluntary).

**Count II – Duress and Unconscionability (Contract Law)**
The settlement agreement was obtained under duress and **should be declared void.**

**Count III – Misrepresentation and Fraudulent Inducement**
Defendant's counsel **knowingly misrepresented the Plaintiff's consent to induce the closure of a due process case.**

**Count IV – Violation of Section 504 of the Rehabilitation Act**
Defendant denied Plaintiff meaningful participation in educational decision-making based on her status as a parent of a child with disabilities.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

A. **Declare the May 10, 2024 settlement agreement null and void**;
B. **Order the reinstatement of Plaintiff's due process hearing rights**;
C. **Order the issuance of appropriate PWN and NOREP for any IEP changes**;
D. Award compensatory education, if deemed appropriate;
E. Grant any further relief the Court deems just and proper.

Respectfully submitted,
Ruby Cruz